**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF THE MOTOR YACHT TANGO, WITH INTERNATIONAL MARITIME ORGANIZATION NUMBER 1010703 | **CASE NO. 22-sz-5**<br><br>**FILED UNDER SEAL** |

**MOTION AND SUPPORTING MEMORANDUM**
**TO SEAL APPLICATION AND AFFIDAVIT**

COMES NOW, the United States of America, by and through undersigned counsel, and respectfully moves for an order to place and maintain under seal, until further order of this Court, the application and the affidavit in support thereof for a seizure warrant for the vessel known as the TANGO (International Maritime Organization ("IMO") No. 1010703) (the "TANGO"), as well as this Motion and Supporting Memorandum to Seal Application and Affidavit, and any order granting this motion. In support whereof, the government states as follows:

1.      Execution of the Warrant is part of an ongoing criminal investigation into possible offenses, namely violations of: violations of 18 U.S.C. § 1349 (conspiracy to commit bank fraud), 50 U.S.C. § 1705(a)) (International Emergency Economic Powers Act ("IEEPA")), and 18 U.S.C. § 1956(h) (money laundering conspiracy) (collectively, the "Subject Offenses"). More specifically, this investigation concerns a scheme where sanctioned Russian Oligarch Viktor Vekselberg ("Vekselberg") used third party companies to wire U.S. dollars to in connection with Vekselberg's interest in M/Y Tango, which is a luxury Yacht currently located in Spain.

2.      The affidavit and application for a seizure warrant accompanying this motion result from evidence gathered in the course of the investigation referred to in the preceding paragraphs. The information set forth in the affidavit identifies the subject of the investigation.  If the investigation became public knowledge, it could alert targets who might destroy evidence to frustrate prosecution or move other ill-gotten gains beyond the jurisdiction of the Court.  The

Government fears that premature release of the information in the affidavit might compromise the investigation's success.

3.　　　As stated in *Washington Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1999), there is a presumption of access to Court proceedings.  But, this can be overridden if "'(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no alternatives to closure that would adequately protect the compelling interest.'"  *Id.* at 290 (quoting *Oregonian Pub. Co. v. United States Dist. Court*, 920 F.2d 1462, 1466 (9th Cir. 1990)); *see also United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1981); *In re Sealed Affidavits*, 600 F.2d 1256 (9th Cir. 1979); *Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975).

4.　　　In this matter, the United States has a compelling interest in preserving the integrity of the investigation and assuring the availability for forfeiture of the property that derives from criminal activity.  Thus, a limited sealing order keeping the affidavit from being available in this Court's public files is narrowly tailored to serve a compelling interest.

5.　　　Further, the United States respectfully submits that complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal.  The rationale set forth above applies to this motion to seal.  Persons who know the criminal justice system also know that docketing a motion to seal a seizure warrant affidavit or a resulting sealing order means that the Government intends to seize the property.  Given the sensitivity of the Government's ongoing investigation and the potential that targets familiar with the subject transaction and property might be alerted to destroy evidence and conceal other forfeitable property, complying with the normal notice requirements of *Washington Post* would defeat the purpose of the motion to seal.  Consequently, this motion also asks the Court: (1) to delay entry

on the public docket of the filing of this Motion to Seal and Order of the Court; (2) to decide that no hearing on this motion is needed; and (3) not to make this motion, nor any order granting it, a part of the public record until further order of the Court.

6.      Pursuant to Federal Rule of Criminal Procedure 49.1(b)(1) and 49.1(b)(7) and Federal Rule of Civil Procedure 5.2(b)(1), the United States respectfully submits that there is no requirement for any document filed in this case to be redacted.  There is no opposing party whose position on this motion can be ascertained and stated in this motion.  A proposed order granting this motion is attached for the Court's convenience.

**WHEREFORE**, the United States respectfully requests that this Court issue an Order directing that the Clerk of the Court place and maintain under seal the application and affidavit in support thereof for a seizure warrant for the TANGO, as well as this Motion and Supporting Memorandum to Seal Affidavit and Proposed Order, and any order granting this motion, until further order of this Court.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By:    */s/ Karen P. W. Seifert*
       Karen P. W. Seifert
       Assistant United States Attorney
       N.Y. Bar No. 4742342
       United States Attorney's Office
       555 Fourth Street, N.W.
       Washington, D.C. 20530
       Telephone: 202-252-7527
       Email: karen.seifert@usdoj.gov

Dated: March 25, 2022